UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-1215(DSD/TNL)

Brian Potocnik,

    Plaintiff,

v.                                                              **ORDER**

City of Minneapolis, City
of St. Paul, John and Jane
Does (1-300) acting in their
capacity as supervisors, officers,
deputies, staff, investigators,
employees or agents of Minneapolis
or St. Paul,

    Defendants.

    Kenneth H. Fukuda, Esq., Lorenz F. Fett, Jr., Esq., Sonia L. Miller-Van Oort, Esq., Jonathan A. Strauss, Esq. and Sapientia Law Group, PLLC, 12 South Sixth Street, Suite 1242, Minneapolis, MN 55402, counsel for plaintiff.

    Andrea K. Naef, Esq., Kristin R. Sarff, Esq. and Minneapolis City Attorney's Office, 350 South Fifth Street, Room 210, Minneapolis, MN 55415 and Adam M. Niblick, Esq., St. Paul City Attorney's Office, 750 City Hall & Courthouse, 15 West Kellogg Boulevard, St. Paul, MN 55102, counsel for defendants.

This matter is before the court upon the motion to dismiss or to sever by defendant City of St. Paul and the motion for judgment on the pleadings by defendant City of Minneapolis. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motions for judgment on the pleadings and to dismiss and denies as moot the motion to sever.

**BACKGROUND**

This privacy dispute arises out of defendants' access of the motor vehicle record of plaintiff Brian Potocnik between 2003 and 2011. Compl. ¶ 2; id. Ex. A. Potocnik is a former Minneapolis police officer who resigned following a well-publicized internal investigation in 2006. Compl. ¶¶ 35, 91. This case is just one of many nearly identical cases filed in this district, six of which this court previously dismissed. See Potocnik v. Anoka Cnty., No. 13-1103, 2014 WL 683980 (D. Minn. Feb. 21, 2014); Bass v. Anoka Cnty., No. 13-860, 2014 WL 683969 (D. Minn. Feb. 21, 2014); McDonough v. Al's Auto Sales, Inc., No. 13-1889, 2014 WL 683998 (D. Minn. Feb. 21, 2014); Tichich v. City of Bloomington, No. 14-298, 2014 WL 3928530 (D. Minn. Aug. 12, 2014); Kendall v. Anoka Cnty., No. 14-247, 2014 WL 3955265 (D. Minn. Aug. 13, 2014); Nyhus v. City of Blaine, No. 13-2878, 2014 WL 4348239 (D. Minn. Sept. 2, 2014).

The Department of Public Safety (DPS) makes drivers' motor vehicle records available to law enforcement officers through a computerized Driver and Vehicle Services (DVS) database. Compl. ¶¶ 18-19. In 2013, Potocnik requested an audit of his DVS motor vehicle record from DPS. Id. ¶ 70. The audit shows that Potocnik's record had been accessed 316 times from facilities maintained by Minneapolis and St. Paul. Id. ¶ 2; id. Ex. A. The record included his address, photograph, date of birth, eye color, weight, height, medical information, and driver identification

number.  Compl. ¶¶ 19, 24-25.  Potocnik alleges that there was no legitimate purpose for each access and that he never consented to allow defendants to obtain his record.  Id. ¶¶ 4, 94, 154.

On April 21, 2014, Potocnik filed suit, alleging violations of the Driver's Privacy Protection Act (DPPA).[1]  St. Paul moves to dismiss or to sever and Minneapolis moves for judgment on the pleadings.

## I.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a

---

[1]  In 2013, Potocnik filed a nearly identical suit against Minneapolis and St. Paul, among many other cities and counties. The court dismissed Minneapolis and St. Paul without prejudice due to Potocnik's failure to serve them.  See Potocnik v. Anoka Cnty., No. 13-1103, ECF No. 100 (D. Minn. Mar. 26, 2014).  This suit followed.

3

formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). The same standard of review applies to motions for judgment on the pleadings under Rule 12(c). Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).

**II. DPPA**

Potocnik asserts a claim against defendants for violations of the DPPA. The DPPA provides that "[i]t shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title." 18 U.S.C. § 2722. Under the DPPA, any "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." Id. § 2724(a). Potocnik alleges that defendants either obtained or disclosed his information without a permitted purpose.

**A.   Statute of Limitations**

Defendants first argue that most of the DPPA claims are time-barred. The court agrees, having previously held that the general four-year federal statute of limitations applies and that "a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." Potocnik, 2014 WL

683980, at *2 (quoting Ridenour v. Boehringer Ingelheim Pharms., Inc., 679 F.3d 1062, 1065 (8th Cir. 2012)). The court also determined that neither the discovery rule nor the doctrine of equitable tolling apply under these circumstances. Kendall, 2014 WL 3955265, at 2 & n.7. As a result, all claims relating to conduct before April 21, 2010 - four years before Potocnik commenced this suit - are time-barred, and dismissal of those claims is warranted.[2]

**B.   Timely Claims**

As to the relatively few timely look-ups, Potocnik alleges that defendants lacked a permissible purpose for accessing his record. Defendants respond that such allegations are insufficient to state a claim under Iqbal and Twombly. The court agrees.

Under the DPPA, the plaintiff has the burden of pleading that a defendant accessed a motor vehicle record with an impermissible purpose. See Maracich v. Spears, 675 F.3d 281, 299-300 (4th Cir. 2012), vacated on other grounds, 133 S. Ct. 2191 (2013); Howard v. Criminal Info. Servs., Inc., 654 F.3d 887, 890-91 (9th Cir. 2011); Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A., 525 F.3d 1107, 1113-14 (11th Cir. 2008). Here, Potocnik alleges that defendants must have had an improper purpose in accessing his record because of the number of times his record

---

[2]   There are 18 timely look-ups attributable to Minneapolis and none attributable to St. Paul. See Compl. Ex. A, at 14-15.

5

was accessed, the odd hours of some of the look-ups, and the curiosity surrounding his resignation. Potocnik thus asks the court to speculate and conclude - based on these bare allegations - that the purposes of law enforcement personnel were impermissible. As already explained, however, "labels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). Although at this stage in the proceedings, Potocnik is entitled to the benefit of all reasonable inferences, a "reasonable inference is one which may be drawn from the evidence *without resort to speculation*." Kinserlow v. CMI Corp., 217 F.3d 1021, 1026 (8th Cir. 2000) (emphasis added) (citation and internal quotation marks omitted).

Potocnik argues that his complaint is bolstered because he resigned from the Minneapolis Police Department following a publicized internal investigation. This fact, however, does not raise his claim above the speculative level, because Potocnik does nothing to connect his resignation to the conduct at issue.[3] Cf. Heglund v. Aitkin Cnty., No. 14-296, 2014 WL 4414821, at *6 (D. Minn. Sept. 5, 2014) (finding a plausible claim where plaintiff was a law enforcement officer in the county with the most look-ups, her current husband had been harassed by her ex-husband - who is also

---

[3] Indeed, the timely look-ups occurred four years after Potocnik's resignation, thus undermining any causal connection between the two events.

6

a law enforcement officer with access to the database - and her current husband's record was simultaneously accessed); <u>Smythe v. City of Onamia</u>, No. 12-03149, 2013 WL 2443849, at *6 (D. Minn. June 5, 2013) (concluding that plaintiff plausibly stated a DPPA claim because he alleged in detail a "long and contentious history" between himself and the person solely responsible for accessing his data).

Moreover, "in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties." <u>United States v. Chem. Found., Inc.</u>, 272 U.S. 1, 14-15 (1926), <u>cited with approval in</u> <u>Wilburn v. Astrue</u>, 626 F.3d 999, 1003-04 (8th Cir. 2010). Further, the legislative history of the DPPA indicates that Congress intended to preserve broad discretion for government entities and agents in accessing motor vehicle records. <u>See</u> <u>Kost</u>, 983 F. Supp. 2d at 1133. As a result, the court will not infer from bare, conclusory allegations that defendants' purposes were improper. <u>See</u> <u>Lancaster v. City of Pleasanton</u>, No. C-12-05267, 2013 WL 5182949, at *3-4 (N.D. Cal. Sept. 13, 2013) (dismissing DPPA claim as insufficiently detailed to satisfy Rule 8(a) pleading requirements). Therefore, Potocnik has not adequately pleaded the DPPA claims under <u>Twombly</u> and <u>Iqbal</u>, and dismissal of the remaining timely DPPA claims is warranted.

**III. Severance**

St. Paul moves for severance under Rule 20. Because the court has determined that Potocnik fails to state a claim, the motion to sever is denied as moot.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss [ECF No. 4] is granted;

2. The motion to sever [ECF No. 4] is denied as moot; and

3. The motion for judgment on the pleadings [ECF No. 12] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 29, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court